UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MARK W. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-cv-078-RLY-WGH |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM DECISION AND ORDER**

**I. Statement of the Case**

Plaintiff, Mark W. Wright, seeks judicial review of a final decision of the agency, which found him not disabled and, therefore, not entitled to Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). 42 U.S.C. §§ 416(i), 423(d); 20 C.F.R. § 404.1520(f). The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

Plaintiff applied for DIB on June 13, 2002, alleging disability since April 23, 2002. (R. 65-67). The agency denied plaintiff's application both initially and on reconsideration. (R. 29-30, 31-32). Plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on January 14, 2004. (R. 262-302). Plaintiff was represented at the hearing by his attorney, Stacey K. Harris. (R. 262). Also testifying was a vocational expert ("VE"). The ALJ issued a decision on May 18, 2004, finding that plaintiff was not disabled because he retained the residual functional capacity to perform

light work including some of his past work. (R. 15-21). Plaintiff filed a request for review with the Appeals Council on June 23, 2004 (R. 9). The ALJ's decision became the agency's final decision when the Appeals Council denied plaintiff's request for review on March 11, 2005. (R. 6-9). 20 C.F.R. §§ 404.955(a), 404.981. Plaintiff then filed a complaint on April 19, 2005, seeking judicial review of the ALJ's decision.

## II.  Standard of Review

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); see also *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997). This standard of review recognizes that it is the commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility. *Richardson*, 402 U.S. at 399-400. Accordingly, this court may not re-evaluate the facts, weigh the evidence anew or substitute its judgment for that of the commissioner. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the court must still affirm the ALJ's decision denying benefits. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000).

### III.  Standard for Disability

In order to qualify for disability benefits under the Act, plaintiff must establish that he suffers from a "disability" as defined by the Act.  "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  The Social Security regulations set out a sequential five step test the ALJ is to perform in order to determine whether a claimant is disabled.  *See* 20 C.F.R. § 416.920.  The ALJ must consider whether the claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform his past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy.  *Id.*  The burden of proof is on plaintiff during steps one through four, and only after plaintiff has reached step five does the burden shift to the Commissioner.  *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

### IV.  The ALJ's Decision

The ALJ, Martha Stroup, concluded that plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (R. 20).  The ALJ continued by finding that, in accordance with 20 C.F.R. § 416.920(b), plaintiff had four impairments that are classified as severe: degenerate joint disease, fibromyalgia, occasional migranes, and

illiteracy. (R. 20). The ALJ concluded that none of these impairments met or were substantially similar to any of the impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1. (R. 20). The ALJ, therefore, concluded that plaintiff retained the residual functional capacity to perform light work that is not fast paced, requires no repetitive bending, twisting, kneeling, or crouching, and requires no contact with the public. (R. 20). The ALJ determined that, based on these limitations, plaintiff was not precluded from working as a watchman, and, therefore, plaintiff retained the residual functional capacity to do his past work. (R. 20-21). The ALJ concluded by finding that plaintiff was not under a disability. (R. 21).

## V.  Discussion

Plaintiff argues that he should be granted disability benefits because the Social Security Administration ("SSA") failed to consider new evidence from Dr. Threll and failed to consider records from his Medicaid application including records from Dr. Thomas Holsworth. (Complaint ¶ 4). After a thorough review of the administrative record, the court concludes that the SSA's decision is supported by substantial evidence and plaintiff is not entitled to a remand based on the production of new evidence.

A. The ALJ's Decision is Supported by Substantial Evidence

The ALJ determined that plaintiff retained the residual functional capacity to perform light work including his past work as a watchman. This decision was certainly supported by substantial evidence, and a reasonable person could examine this evidence and conclude that plaintiff was not disabled. The court has reviewed the records of Dr.

John Ellison (R. 173-92), Dr. Peter Kovacs (R. 167-72), Dr. Kevin Lusk (R.193-94), and Dr. Mehmet Akaydin (R. 158-62) which indicate that plaintiff has some mild physical impairment, but nothing that would preclude him from performing light work. Dr. Ellison describes plaintiff's condition as "back pain, questionable etiology," (R. 186), and an x-ray showed no acute bony abnormality. (R. 184). As of June 6, 2002, Dr. Ellison treated plaintiff with physical therapy and Celebrex, and stated "We will hopefully get him back to work within the next three months." (R. 184). No later treatment records indicate a worsening of his back condition. Dr. Lusk reported back pain and fibromyalgia that "limited" his ability to work to carrying only 10 pounds and avoiding frequent bending and twisting. (R. 194). Dr. Kovacs conducted a neurologic exam which showed only "mildly decreased vibration sensation in the feet distally." (R. 168). Also, plaintiff's nerve conduction study was "normal." (R. 169). Dr. Akaydin conducted a physical exam that was "essentially grossly unremarkable in all respects for any overt major limiting cognitive (?), physical, neurological or orthopedic deficits of any kind although chronic lower back discomfort is sometimes hard to fully evaluate without appropriate . . . radiological studies." (R. 161).

    The court has also reviewed the medical records of Jeffrey Gray, Ph. D., (R. 163-66), which suggest a mild impairment of plaintiff's mental abilities, but found that plaintiff retained the ability to handle work stress, be reliable, and be independent. (R. 166). The court concludes that the ALJ took all of these medical opinions into consideration and determined that plaintiff could perform light work that was not fast

paced with minor limitations including no contact with the public and no repetitive bending, twisting, stooping, or kneeling. Nothing about the ALJ's decision was unreasonable.

B. Plaintiff is Not Entitled to Remand Based on New Evidence

Plaintiff's other argument is that he is entitled to remand based on new evidence. Specifically, plaintiff urges the court to consider records from Dr. Threll as well as records from plaintiff's Medicaid application. The court may consider new evidence in some instances in order to determine if remand is warranted. 42 U.S.C. § 405(g). Remand is warranted, under sentence six of section 405(g), if plaintiff can provide new evidence that is material and can demonstrate good cause for why the evidence was not submitted during the previous proceedings. *Id.* The United States Court of Appeals for the Seventh Circuit has explained that new evidence is only relevant if the evidence was available on or before the date that the ALJ rendered an opinion. *Perkins v. Chater*, 107 F.3d 1290, 1293-94 (7th Cir. 1997)(citing 20 C.F.R. § 404.970(b)); *Anderson v. Bowen*, 868 F.2d 921, 927 (7th Cir. 1989). Remand is not appropriate unless the alleged "new evidence" relates to the relevant time period.

In this instance, plaintiff has not met his burden of demonstrating that the alleged records amount to new evidence. First, plaintiff has not even provided the court with any documents.[1] Second, even if plaintiff had provided the court with the allegedly new

---

[1] With regard to the records from plaintiff's Medicaid application, the court notes that the SSA is not required to rely on the decisions of other governmental agencies. 20 C.F.R. § 416.904; *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000). Hence, any reliance on Medicaid

evidence, Plaintiff has still failed to establish that the evidence was, in fact, new.  There has been no showing that the evidence was available at the time the ALJ rendered his opinion or that it was material to the ALJ's decision.  Third, even if the evidence was available and material, plaintiff has made no showing of good cause for his failure to provide it to the ALJ.  Because plaintiff has utterly failed to meet his burden of demonstrating that new evidence exists, remand is not warranted.

## VI. Conclusion

The ALJ's decision is supported by substantial evidence.  In addition, plaintiff has failed to provide any new evidence which would suggest that remand is necessary.  The ALJ's decision is, therefore, **AFFIRMED**.  And, plaintiff's Complaint is **DISMISSED**.

SO ORDERED.

Date: December 14, 2005.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

records was unnecessary.

Electronic Copy to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov


Copy to:

Mark W. Wright
916 Cour De Lane
Huntingburg, IN 47542